JAJ:DSS

**M10- 503**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    -against-

RIK WASHINGTON,
    also known as "Face,"

           Defendant.

- - - - - - - - - - - - - - - - - -X

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF
APPLICATION FOR
ARREST WARRANT

(21 U.S.C. § 841)

EASTERN DISTRICT OF NEW YORK, SS:

    ANTHONY GRUBISIC, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

    Upon information and belief, on or about and between February 25, 2008 and August 12, 2008, within the Eastern District of New York, the defendant RIK WASHINGTON, also known as "Face," did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved five or more grams of a substance containing cocaine base, a Schedule II controlled substance.

    (Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii)).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Special Agent with the FBI for approximately 6 years. I have extensive experience investigating street gangs, violent crimes, narcotics trafficking, and other violations of state and federal law. My information in this case comes from my own personal involvement in this investigation, as well as from interviews with cooperating sources, the review of records and reports produced by other law enforcement officers, and conversations with other law enforcement officers.

Background of the Investigation

2. For approximately two years, I have been involved in a joint investigation conducted by the FBI and the New York City Police Department pertaining to narcotics trafficking and violent crimes, including shootings and murders, that have occurred in the Bedford-Stuyvesant section of Brooklyn, New York. This investigation has previously led to the arrest and indictment of approximately ten individuals for federal narcotics and firearms offenses.

3. During the course of this investigation, I have regularly employed cooperating sources to purchase narcotics and firearms from members of various drug trafficking "crews"

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

operating in Bedford-Stuyvesant. As set forth below, on five occasions between February 25, 2008 and August 12, 2008, two cooperating sources purchased quantities of cocaine base from the defendant RIK WASHINGTON, also known as "Face."

Sales of Cocaine Base

4. On February 25, 2008, at approximately 1:45 p.m., cooperating source #1 ("CS #1")[2/] met the defendant RIK WASHINGTON inside a take-out restaurant located in the vicinity of Gates Avenue and Nostrand Avenue in Brooklyn, New York. CS #1 discussed the purchase of a quantity of crack cocaine with WASHINGTON. Shortly thereafter, CS #1 met WASHINGTON inside 390 Gates Avenue. WASHINGTON proceeded to sell CS #1 five "8-balls" of crack cocaine in exchange for $500. This transaction was recorded on audio and videotape. The crack cocaine purchase by CS #1 from WASHINGTON on February 25, 2008 was subsequently tested by the Drug Enforcement Administration ("DEA") laboratory. The DEA laboratory determined that the substance contained cocaine base and had a net weight of 9.4 grams.

5. On March 20, 2008 at approximately 2:30 p.m., CS #1 met WASHINGTON inside 390 Gates Avenue. WASHINGTON proceeded to

---

[2/] At the time, CS #1 was a paid informant working for the FBI. CS #1 has provided reliable information to the FBI on numerous occasions, and has engaged in many controlled purchases of narcotics at the direction of the FBI. CS #1 is currently in New York state custody on charges unrelated to the instant investigation.

sell CS #1 five "8-balls" of crack cocaine in exchange for $600. WASHINGTON also provided a scrap of paper to CS #1 that contained WASHINGTON's cellular telephone number and the name "Face." The narcotics purchased by CS #1 from WASHINGTON on March 20, 2008 was subsequently tested by the DEA laboratory and was determined to contain cocaine base, with a net weight of 7.2 grams.

6. On April 17, 2008, at approximately 1:30 p.m., cooperating source #2 ("CS #2")[3] met WASHINGTON inside 390 Gates Avenue. WASHINGTON proceeded to sell CS #2 five "8-balls" of crack cocaine for $600. This transaction was recorded on audio and videotape. The narcotics purchased by CS #2 from WASHINGTON on April 17, 2008 was subsequently tested by the DEA laboratory and was determined to contain cocaine base, with a net weight of 9 grams.

7. On April 23, 2008, at approximately 1:30 p.m., CS #1 met WASHINGTON across the street from 390 Gates Avenue. CS #1 and WASHINGTON proceeded to enter the building. Inside, WASHINGTON sold CS #1 five "8-balls" of crack cocaine for approximately $600. This transaction was recorded on audio and videotape. The narcotics purchased by CS #1 from WASHINGTON on April 23, 2008 was subsequently tested by the DEA laboratory and

---

[3] At the time, CS #2 was a paid informant working for the FBI. CS #2 has provided reliable information to the FBI on numerous occasions, and has engaged in many controlled purchases of narcotics at the direction of the FBI.

was determined to contain cocaine base, with a net weight of 8.2 grams.

8. On May 21, 2008, at approximately 1:45 p.m., CS #1 met WASHINGTON across the street from 390 Gates Avenue. CS #1 and WASHINGTON discussed the purchase of a quantity of crack cocaine. Approximately 45 minutes later, CS #1 met WASHINGTON inside a store located in the vicinity of Gates Avenue and Nostrand Avenue. WASHINGTON proceeded to sell CS #1 five "8-balls" of crack cocaine in exchange for $600. This transaction was recorded on audio and videotape. The narcotics purchased by CS #1 from WASHINGTON on May 21, 2008 was subsequently tested by the DEA laboratory and was determined to contain cocaine base, with a net weight of 9 grams.

9. On August 12, 2008, at approximately 1:45 p.m., CS #2 met WASHINGTON in the vicinity of Gates Avenue and Nostrand Avenue. They discussed the purchase of a quantity of crack cocaine. WASHINGTON agreed to sell CS #2 two "8-balls" of crack cocaine in exchange for $350. CS #2 gave WASHINGTON $350 and WASHINGTON told CS #2 to wait while WASHINGTON went to retrieve the drugs. However, WASHINGTON never returned. This meeting was recorded on audio and videotape.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued and the defendant RIK WASHINGTON be dealt with according to law.

*[signature]*
Anthony Grubisic
Special Agent
Federal Bureau of Investigation

Sworn to before me this
3rd Day of May, 2010

*[signature]* S/ Reyes

THE HONORA
UNITED STA
EASTERN DI
JR.